UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA : MEMORANDUM & ORDER
: ON PLEA AND
: PROPOSED SETTLEMENT
– against – : AGREEMENT
:
GARTH PETERSON, : 12-CR-224
:
          Defendant. :
:
----------------------------------X
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
          Plaintiff, :
:
– against – : 12-CV-2033
:
GARTH RONALD PETERSON, :
:
          Defendant. :
:
----------------------------------X

**JACK B. WEINSTEIN, Senior United States District Judge:**

    The defendant in the criminal case, 12-CR-224, pleaded guilty on April 25, 2012 to a security violation—namely, conspiracy to circumvent internal controls, 18 U.S.C. § 371. A sentencing hearing will be held on July 17, 2012 at 10:00 a.m. The United States Probation Department shall prepare the pre-sentence report as soon as is practicable.

    In a civil case filed the same day in this court, 12-CV-2033, the Securities and Exchange

1

Commission (SEC) applied for immediate approval of a settlement agreement with the same defendant, Garth Peterson. That case was assigned by the clerk of the court to the undersigned judge as related to the criminal case.

Issues of punishment, restitution, and forfeiture in criminal cases, and compensation and deterrence in related civil and administrative actions, are often intertwined in financial fraud litigation. It is desirable to coordinate treatment of pleas, settlement of related administrative matters, and possible civil suits. *See, e.g.,* Adam S. Zimmerman & David M. Jaros, *The Criminal Class Action,* 159 U. Pa. L. Rev. 1385, 1439-41 (2011); Essay, *Compensation for Mass Private Delicts: Evolving Roles of Administrative, Criminal, and Tort Law*, 2001 U. Ill. L. Rev. 947, 975-981 (2001); *see also, e.g., United States v. Kenneth Marsh, et al.*, 10-CR-480 (E.D.N.Y.), *with related case, Securities and Exchange Commission v. Gryphon Holdings, Inc.*, 10-CV-1742 (E.D.N.Y.). In the instant case, for example, paragraph five of the plea agreement in the criminal case requires the defendant, in lieu of forfeiture, to cooperate with the SEC in obtaining assets that were instrumentalities of his crime.

The request for immediate approval of the SEC's settlement is denied. Time for consideration and for briefing supporting or opposing the settlement is called for since discretion of the trial court is required. *See, e.g., S.E.C. v. Wang,* 944 F.2d 80, 84-85 (2d Cir. 1991) (holding that the trial court is required to determine whether a consent decree is "fair and reasonable").

A hearing on the reasonableness of the proposed civil settlement is ordered for May 2, 2012 at 12:15 p.m. in courtroom 10B. Any person may appear by telephone after arrangement with Ms. June Lowe, Courtroom Deputy. Ms. Lowe can be reached at (718) 613-2525. The

court will consider any papers filed by May 1, 2012 at 3:00 p.m.

SO ORDERED.

Jack B. Weinstein
Senior District Judge

Dated: April 26, 2012
      Brooklyn, N.Y.