FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 28 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

GARTH PETERSON,

        Defendant.

12-CR-224

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original).

1

On April 25, 2012, Garth Peterson pled guilty to a one-count information which charged that between October 2004 and December 2007, the defendant and others conspired to circumvent the system of internal accounting controls of Morgan Stanley and Morgan Stanley Real Estate, contrary to 15 U.S.C. § 78m(b)(5) and 78ff(a), in violation of 18 U.S.C. § 371.

Peterson was sentenced on August 16, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-five and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between fifty-seven and seventy-one months. The calculation of the total offense level included a two-point enhancement for abusing a position of trust in a manner which significantly facilitated the commission of the offense. Although this adjustment was not included in the plea agreement between the defendant and the government, the court finds that the defendant exploited his position as the Managing Director of the Morgan Stanley Real Estate Group's Shanghai office by conspiring to fraudulently acquire several millions of dollars' worth of property investments for himself and a Chinese government official as compensation for that official steering business to Morgan Stanley's funds. He also received a two-point enhancement because a substantial part of the fraudulent scheme was committed outside the United States, and a three-point reduction for acceptance of responsibility. Even if these calculations were excessive from defendant's point of view, the sentence would be the same under section 3553(a).

The offense carried a maximum term of imprisonment of five years. 18 U.S.C. § 371. The guidelines range of fine was from $15,000 to $150,000.

2

The court has considered the mandatory aspects of the restitution statute. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1. As noted at the hearing, *see* Tr. of Sentencing Hr'g, Aug. 16, 2012, in view of the heavy economic burdens faced by the defendant, discussed *infra*, it is highly unlikely that he will ever be able to pay restitution. The potential restitutee, Morgan Stanley, and the government have waived their right to restitution. *See id.; see also* Letter from Morgan Stanley, Case No. 12-CR-224, Doc. Entry 11, May 4, 2012 (waiving right to restitution). Under these circumstances, it is impossible to determine the appropriate amount of restitution. As attempting to do so would unduly complicate and prolong the sentencing process, no restitution is ordered. 18 U.S.C. § 3663A(c)(3)(B) ("This section shall not apply in the case of an offense described in paragraph (1)(A)(ii) if the court finds, from facts on the record, that . . . determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.").

Peterson was sentenced to nine months of incarceration and three years of supervised release. A $100 special assessment was imposed. No fine was imposed. Under the final judgment in the parallel civil case, the defendant is liable for $3,822,613.44, an obligation which he met by paying $241,589 and transferring his interest in the fraudulently obtained asset to a court-appointed receiver. *See Securities and Exchange Commission (SEC) v. Garth Ronald Peterson*, No. 12-CV-2033, Doc. Entry 8, May 3, 2012. He has been unemployed for four years as he has awaited disposition in this case; he currently has no assets and a negative monthly cash flow. The defendant has agreed to be barred from associating with financial organizations regulated by the SEC as part of his settlement with that agency and will no longer be able to

practice his chosen profession. It is unlikely that he will have any assets in the future to pay a fine.

The government has waived its right to forfeiture in light of the defendant's settlement with the SEC.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The defendant had a harsh and unusual upbringing. At a young age, his mother relocated the defendant and his sister to Singapore to escape his alcoholic father, whom she had divorced. When his father eventually tracked them down, he kidnapped the children, travelling with them throughout Asia before the police recovered them in Hong Kong. Although the children were reunited with their mother, the family continued to struggle financially. Yet the defendant went on to attend Cornell University for his bachelor's degree and the University of Chicago for his Masters in Business Administration. Until the instant offense occurred, he was employed at increasingly lucrative and responsible jobs in Poland, China, Singapore, and elsewhere. He is the father of two children through his marriage and is described as a loving spouse and father. He also supports four other children from extramarital relationships.

The instant offense is a serious one. The defendant abused his position of trust for personal profit, and endangered the integrity of the American business system by bribing foreign

officials. He has already suffered significant financial penalties as a result of the settlement of the parallel civil case.

The court has A sentence of nine months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. White collar criminals such as the defendant may be deterred more easily because these offenders—driven to commit calculated crimes by greed rather lack of opportunity, mental illness, or the heat of the moment—can weigh the probability of gains against the risk of loss. The sentence will send a clear message that any bribery of foreign officials will result in a substantial prison sentence, as well as significant financial penalties in concurrent civil litigation. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. Although not part of his criminal sentence, it is notable that the defendant's settlement with the SEC will likely preclude him from working in his chosen profession. It is unlikely that he will engage in further criminal activity in light of the severe social, economic, and other consequences he has suffered.

Jack B. Weinstein
Senior United States District Judge

Dated: August 17, 2012
Brooklyn, New York